**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1571
_____

UNITED STATES OF AMERICA,

v.

DAVID ANTHONY SOMERVILLE,
also known as Charles Payne
also known as Midnite,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:17-cr-00222-001)
District Judge: Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 8, 2025
_____

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: August 20, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

David Somerville appeals his sentence for a pair of controlled substance offenses. Our review of the record reveals no nonfrivolous issues for appeal, so we will grant counsel's motion to withdraw and affirm.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967).[2]

First, the District Court's exercise of jurisdiction over Somerville for his "offenses against the laws of the United States" was proper under 18 U.S.C. § 3231. Also proper was the District Court's decision to deny Somerville's motion to withdraw his plea agreement because Somerville did not meet his "substantial" burden to identify a "fair and just" reason to withdraw the plea. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review in determining whether there are any nonfrivolous issues for appeal. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). We only consider arguments that Somerville could have raised concerning his controlled substance offenses because he did not appeal his separate 180-day prison sentence for violating the terms of his supervised release. But because Somerville's notice of appeal references "appeals," we note that any appeal of his 180-day sentence would have been moot. *See United States v. Huff*, 703 F.3d 609, 611–12 (3d Cir. 2013).

[2] We reach this conclusion based on our independent review of the record, as assisted by the United States' commendably thorough brief. Unfortunately, Somerville's counsel has not satisfied us that he "thoroughly examined the record in search of appealable issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). But that does not alter our conclusion about the nature of Somerville's appeal because "'in those cases in which frivolousness is patent,' we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000)).

Additionally, the District Court properly rejected Somerville's request for a two-level reduction available in cases where "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Somerville only changed his plea after the United States presented its case in chief and the strength of its evidence was readily apparent. Moreover, he tested positive for marijuana (at least three separate times) and cocaine while on bond, and "[c]ourts have routinely upheld the denial of a § 3E1.1(a) adjustment for similar or less culpable post-plea conduct." *United States v. Mercado*, 81 F.4th 352, 361 (3d Cir. 2023).

Finally, the District Court correctly calculated Somerville's advisory guidelines range; considered his argument for a variance; and evaluated the 18 U.S.C. § 3553(a) factors, making the sentence procedurally reasonable. *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). And the sentence is also substantively reasonable, as it cannot be said that "no reasonable sentencing court would have imposed the same sentence." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

\* \* \*

Seeing no nonfrivolous arguments that Somerville could have made, we will grant counsel's motion to withdraw and affirm.